**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY TARTARO et al.,**

                    Plaintiffs,                    5:13-cv-360
                                                                (GLS/TWD)

                    v.

**CITY OF SYRACUSE et al.,**

                      Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:**<br>Cote, Limpert Law Firm<br>214 North State Street<br>Syracuse, NY 13203 | JOSEPH S. COTE, III, ESQ.<br>M. JOANNE VAN DYKE, ESQ. |
| **FOR THE DEFENDANTS:**<br>*City of Syracuse*<br>City of Syracuse Corporation Counsel<br>233 East Washington Street<br>Room 301 City Hall<br>Syracuse, NY 13202 | ANN M. ALEXANDER, ESQ. |
| City of Syracuse Law Department<br>233 East Washington Street<br>300 City Hall<br>Syracuse, NY 13202 | JAMES P. MCGINTY, ESQ. |
| *Joan MacDonald*<br>HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>Syracuse Office<br>615 Erie Boulevard West<br>Suite 102 | CHRISTOPHER WILES<br>TIMOTHY P. MULVEY<br>Assistant Attorneys General |

Syracuse, NY 13204

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Anthony Tartaro (hereinafter "Tartaro"), Christina Tartaro, 921-925 State Street Associates, Inc., and Andy's Cycle Shop, Inc. commenced this action against defendants City of Syracuse (hereinafter "City") and Joan MacDonald, Commissioner of the Department of Transportation (DOT) of the State of New York pursuant to 42 U.S.C. § 1983, alleging violations of the Fifth Amendment takings clause and Fourteenth Amendment due process, as well as the equivalent violations of the New York State Constitution. (Compl., Dkt. No. 1 at 5-12.) Plaintiffs seek monetary damages. (*Id.* ¶¶ 12, 32, 51.) MacDonald moved to dismiss the claims against her pursuant to Rule 12(b)(6). (Dkt. No. 11.) For the reasons that follow, the motion is granted.

### II. Background[1]

This action arises from defendants' alleged condemnation and

---

[1] The facts are presented in the light most favorable to plaintiffs.

subsequent demolition of property owned by plaintiffs. (Compl. ¶¶ 1-7.) At the relevant time, Tartaro was the owner of 921-925 State Street Associates, Inc., as well as Andy's Cycle Shop, Inc., both located at 921-925 State Street in Syracuse, New York. (*Id.* ¶ 1; Dkt. No. 18 ¶ 4.) Tartaro owned the buildings on the premises, while Christina Tartaro owned a billboard located there. (Compl. ¶¶ 1, 3.) Sometime between March and July of 2010, plaintiffs allege that the City and DOT condemned the buildings at 921-925 State Street, removed plaintiffs' personal property, and subsequently demolished the buildings. (*Id.* ¶¶ 4, 6, 7, 35, 37.) The costs of the demolition were then added to plaintiffs' tax bill without providing plaintiffs an opportunity to seek reimbursement for the cost of the demolition. (*Id.* ¶¶ 17, 43-44.) Plaintiffs allege that these steps were taken without a proper court order, and without proper notice to the owners of the premises and personal property therein. (*Id.* ¶¶ 2-3, 9, 12, 19, 28, 35, 43, 46.)

### III. Procedural History

Plaintiffs commenced this action in New York State Supreme Court in Onondaga County. (Compl.) Defendants then removed the case to federal district court. (Dkt. No. 1 at 1-3.) In response to the complaint, the

3

City of Syracuse filed an answer, (Dkt. No. 5), and MacDonald filed a motion to dismiss for failure to state a claim, (Dkt. No. 11). That motion is currently pending before the court.

## IV. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y.2010).

## IV. Discussion

MacDonald has moved to dismiss all claims against her on the basis that plaintiffs have failed to adequately allege her personal involvement in the alleged constitutional violations. (Dkt. No. 11, Attach. 1 at 2-3.) "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. *See id.*; *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

4

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [individuals] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Wright*, 21 F.3d at 501).

Here, although MacDonald is named in the caption of the complaint, the substance of that pleading fails to make any allegations with respect to the personal involvement of MacDonald or the Commissioner of DOT in the deprivations of plaintiffs' rights. (*See generally* Compl.) Accordingly, plaintiffs have failed to state a claim upon which relief may be granted, and the complaint against MacDonald is dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that MacDonald's motion to dismiss (Dkt. No. 11) is **GRANTED** and all claims against her are **DISMISSED**; and it is further

**ORDERED** that the Clerk terminate MacDonald as a party to this

action; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 18, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court